IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY, )<br>    Plaintiff and Counter- Defendant, )<br>    v. )<br>PCH HEALTHCARE HOLDINGS, LLC, et al. )<br>    Defendants and Counter-Plaintiffs. ) | No.   18-cv-2691 |

PCH's REBUTTER TO ARCH'S SURREPLY

PCH Defendants herewith make the following rebutter to Arch's Surreply in Opposition to PCH's Motion for Judgment on the Pleadings (the "Surreply"). Count I of the Complaint alleges that there is purportedly no coverage under the Policy for the Aetna Lawsuit due to the alleged pendency of the Newman Lawsuit prior to the Policy Period, and which Count I avers arises out of the same Wrongful Act or Interrelated Wrongful Acts. Count IV further alleges that there is purportedly no coverage under the Policy for the Aetna Lawsuit due to the pendency of the Newman Lawsuit prior to the Pending and Prior Litigation Date under the Policy. As set forth more fully below, the provisions alleged in these counts do not operate as a bar to coverage here.

Under Illinois law, an insurer may not refuse to defend its insured unless it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co*., 144 Ill.2d 64, 73 (1991). In determining whether it has a duty to defend a suit, an insurer is limited to comparing the bare allegations of the complaint with the face of the policy of insurance. *Chandler v. Doherty*, 292 Ill. App. 3d 797, 801-802 (4th Dist. 1998). The duty to defend is not annulled by the knowledge on the part of the insurer the allegations are untrue or incorrect or the true facts will ultimately exclude coverage. *Id.* When determining whether an insurance provider has a duty to defend its insured in a lawsuit, a court should generally apply an

eight corners rule. *Farmers Auto. Ins. Ass'n v. Country Mut. Ins. Co.*, 309 Ill. App. 3d 694, 698 (4th Dist. 2000). The court should compare the four corners of the underlying complaint with the four corners of the insurance contract and determine whether the facts alleged in the underlying complaint fall within, or potentially within, the insurance policy's coverage. *Id.*

Thus, in order to make the determination under the Policy that there exists a second, prior suit which is interrelated to the claim or suit submitted for coverage there must be allegations within the four corners of the suit submitted for coverage that (1) there is a second, prior suit; and (2) that such prior suit is interrelated to the claim or suit submitted for coverage. Yet, the Aetna Lawsuit contains no such allegations. As pointed out in the Surreply, paragraphs 141-143 of the Aetna Lawsuit obliquely mention that "Newman recently filed suit against many of the Defendants…" Yet, nowhere in these three paragraphs is there sufficient information under Illinois law to identify the "suit" mentioned in the Aetna Lawsuit. The parties to the suit are not identified. The court in which the action is pending is not identified. The case caption is not identified. The case number is not identified. In Illinois, an insurance company is deemed to have "actual notice" of a lawsuit where it has sufficient information to locate and defend the suit. *Cincinnati Cos. v. West American Ins. Co.*, 183 Ill.2d 317, 329 (1998). The Aetna Lawsuit fails to allege any of the requisite identifying markers setting forth "sufficient information to locate and defend" the suit alleged in paragraphs 141-143. Vague, ambiguous allegations against an insured should be resolved in favor of finding a duty to defend. *Ill. Tool Works Inc. v. Travelers Cas. & Sur. Co.*, 2015 IL App (1st) 132, ¶26, 26 N.E.3d 421, 428. Accordingly, Arch would necessarily have to go outside the four corners of the Aetna Lawsuit to locate the Newman Lawsuit in order to make a coverage determination.

Arch admits as much by arguing that consideration of "extrinsic evidence,"*i.e.,* the Newman Lawsuit, itself, is necessary to a determination of these factual matters. Yet, here, where the parties are requesting that the Court make a determination of the existence of a duty to defend on cross motions for judgment on the pleadings, they are requesting that the Court do so based solely on the pleadings. A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir.2012). A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir.2012). Thus, extrinsic evidence may not only not be considered under the eight corners rule, it may not be considered by the Court under the procedural posture of this case.

The Surreply, relying on four cases, *Pekin Ins. Co. v. Wilson*, 237 Ill.2d 446, 930 N.E.2d 1011 (2010*), American Economy Ins. v. Holabird and Root*, 382 Ill.App.3d 1017, 886 N.E.2d 1166 (1st Dist. 2008), *Fidelity & Cas. Co. of New York v. Envirodyne Engineers, Inc*., 122 Ill.App.3d 301, 461 N.E.2d 471 (1st Dist. 1983) and *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821 (7th Cir. 2016), argues that Arch may avoid the application of the eight corners rule. However, these cases actually support the application of the eight corners rule here.

In *Wilson,* 237 Ill.2d 446, the Court determined on cross motions for judgment on the pleadings that, where the underlying complaint alleged both intentional and negligent conduct on the part of the insured, and Pekin's policy had an exclusion for intentional conduct, but an exception to that exclusion for self-defense, the Court could consider allegations of self-defense set forth in a counterclaim filed by the insured in the underlying suit. Thus, the Pekin's inquiry regarding its duty to defend was still limited to the four corners of the pleadings, expanded to

3

include a counterclaim invited by the terms of its own policy. Contrary to Arch's assertion, no "extrinsic evidence" was even considered.

Likewise, in *Holabird and Root*, 886 N.E.2d at 1179, in finding a duty to defend, the court held that "[t]he trial court should be able to consider all the relevant facts contained in the pleadings, including a third-party complaint [in the underlying action]. No "extrinsic evidence" was considered there, either.

In *Hilger*, 838 F.3d at 825-826, where only the insured moved for judgment on the pleadings, the court ruled that Landmark was entitled to take discovery and offer evidence regarding the coverage matters at issue. That holding is inapposite to the present proceedings, where, as set forth in this Court's order dated October 4, 2018, "The parties confirmed that discovery will not be needed in order to brief the cross-motions for judgment on the pleadings."

Similarly, in *Envirodyne*, 122 Ill.App.3d 301, the Court considered deposition testimony and the terms of a contract in granting summary judgment to the insurer. Once again, however, the different procedural posture renders *Envirodyne* inapplicable to the case at bar, where the parties agreed no discovery would be considered.

A case directly on point is *Ill. Tool Works Inc.,* 2015 Ill. App. (1st) 132, 26 N.E.3d at 427, P21. There, where it was undisputed that the insured did not use processes involving asbestos and other harmful materials prior to 1993, pre-1993 insurers were required to defend lawsuits alleging liability prior to 1993. In so holding, the Court stated that "knowledge of an extrinsic fact" that Illinois Tool was not involved with harmful materials before 1993 did not prevent these insurers from "bear[ing] the cost of disproving groundless allegations" of the insured's involvement prior to 1993. Similarly, here, Arch may not resort to purported facts extrinsic to the underlying complaint to disprove its duty to defend here.

Defendants,

PCH HEALTHCARE HOLDINGS, LLC, THE PEOPLE'S CHOICE HOSPITAL, LLC; PCH MANAGEMENT NEWMAN, LLC; PCH LAB SERVICES, LLC; SETH GUTERMAN, M.D. AND DAVID WANGER,

By: /s/ Kenneth Anspach
      their attorney

KENNETH ANSPACH, ESQ.
ANSPACH LAW OFFICE
111 West Washington Street
Chicago, Illinois 60602
(312) 407-7888
ken@anspachlawoffice.com

5